**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Jennifer Nash,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:23-cv-01474** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Advocate Aurora Health, Inc.,** | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Trial Demanded** |
| | ) | |

## COMPLAINT

Plaintiff, Jennifer Nash ("Plaintiff") in support of her Complaint against Advocate Aurora Health, Inc. ("Defendant"), states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1.     This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA"), for Defendant's disability-based harassment and discrimination, and also terminating Plaintiff's employment in retaliation for her attempting to assert her rights under the ADA.

2.     This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII").

## JURISDICTION AND VENUE

3.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

4.     Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this

District.

## ADMINISTRATIVE PREREQUISITES

5.      All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, have occurred or been complied with.

6.      Plaintiff has fulfilled all conditions precedent to the filing of this lawsuit under Title VII.

7.      A charge of employment discrimination on basis of race, disability, and retaliation was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

8.      Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of her receipt of the EEOC's Notice of Right to Sue.

## PARTIES

9.      At all times material to the allegations of this Complaint, Plaintiff, resides in Cook County in the State of Illinois.

10.     At all times material to the allegations in this Complaint, Defendant is a corporation doing business in and for DuPage County, whose address is 3075 Highland Parkway Downers Grove, IL 60515.

11.     Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

12.     During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

13.     During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

14.     The Defendant hired the Plaintiff, Jennifer Nash (African-American) at Advocate Aurora Health, Inc. as a Clinical Certified Medical Assistant on October 21, 2022.

15.     The Plaintiff's disability is as a result of a heart condition that affects major life activities.

16.     Plaintiff is member of a protected class because of her race and disability.

17.     Plaintiff's physical impairment is a disability or is perceived as a disability that substantially limits major life activities, such as performing manual tasks, moving and walking but Plaintiff was able to perform the essential functions of her job with or without accommodations.

18.     As a result of these major life activities being affected the Plaintiff suffers from atrial fibrillation but Plaintiff is able to perform the essential functions of her job.

19.     Since the beginning of a new manager at the Plaintiff's employment, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has subjected Plaintiff to a hostile work environment because of race and disability.

20.     Plaintiff was subjected to offensive, degrading and humiliating comments by co-workers that referenced Plaintiff's disability and race.

21.     The environment of discrimination and humiliation pervaded the entire company.

3

22.    Defendant's reason for termination was pre-text and Plaintiff was unlawfully terminated because of disability, race and for engaging in protected activity.

23.    As a result of the Defendant's action the Plaintiff suffered the tangible consequence of losing her job.

24.    Plaintiff met or exceed Defendant's performance expectations during the entire duration of her employment.

25.    Plaintiff suffered multiple adverse employment actions including, including but not limited to being terminated.

26.    Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to her managers.

27.    Defendant subjected the Plaintiff to different terms and conditions of employment than others not within Plaintiff's protective class because of their disability.

28.    During the Plaintiff's employment, she was subjected to discrimination and in July of 2022, the Plaintiff was unlawfully terminated and retaliated against on the basis of her race (African-American) and disability.

29.    Regardless of the Plaintiff's disability, she is qualified to perform the essential functions of her job, with or without reasonable accommodation.

30.    The Plaintiff's race had never been an issue, nor was her disability interfering with her work performance, until a new Managing Supervisor, Hazel (non-African-American; non-disabled) was transferred to the Plaintiff's department.

31.    From October 2021 through July 2022, the Plaintiff was subjected to harassment and discrimination because of her race and disability.

32.    The Plaintiff was retaliated against for engaging in protected activity pursuant to

the FMLA, Title VII and the ADA.

33.     The Defendant's reason for the Plaintiff's termination was pre-text for race, disability discrimination and retaliation.

34.     The Plaintiff has been discriminated against because of her race (African-American), her disability and/or perceived disability, and retaliated against in violation of the Title VII of the Civil Rights Act of 1964, as amended, and the Americans with Disabilities Act ("ADA").

## COUNT I
### Disability Discrimination
### Violations of the Americans with Disabilities Act ("ADA")

35.     Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

36.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

37.     Defendant terminated Plaintiff's employment on the basis of her disability.

38.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

39.     Plaintiff is a member of a protected class under the ADA, due to her disability.

40.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

41.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of her employment benefits and has

5

suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT II**
**Disability-Based Harassment in Violation of**
**Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.***

42.     Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

43.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of her disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*

44.     Defendant knew or should have known of the harassment.

45.     The disability-based harassment was severe or pervasive.

46.     The disability-based harassment was offensive subjectively and objectively.

47.     Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, due to her disability.

48.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.  As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT III**
**Retaliation in Violation of 42 U.S.C. § 12101, *et seq.***

49.     Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

50.     Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

51.     During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful disability-based harassment, which created a sufficiently hostile work environment in violation of Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

6

52.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

53.     In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of disability-based harassment.

54.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

55.     By virtue of the foregoing, Defendant retaliated against Plaintiff by terminating her employment based on her reporting the disability-based harassment, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

56.     Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

57.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of her employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## <u>COUNT IV</u>
### Demand for Relief for Race-Based Discrimination in Violation of 42 U.S.C. Section 1981

58.     Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

59.      Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the

making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

60.     Defendants' conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

61.     Plaintiff was subjected to and harmed by Defendants' systemic and individual discrimination.

62.     Defendants' unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

63.     Plaintiff demands this count be tried by a jury.

**COUNT V**
**Race-Based Harassment in Violation of Title VII of**
**The Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.**

64.     Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

65.     By virtue of the conduct alleged herein, Defendants engaged in unlawful employment practices and harassed the Plaintiff on the basis of her race, African American, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

66.     Defendants knew or should have known of the harassment.

67.     The race harassment was severe or pervasive.

68.     The race harassment was offensive subjectively and objectively.

69.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to her race, African American and his color.

70.     Defendants acted in willful and reckless disregard of Plaintiff's protected rights.

8

As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

      a.  Back pay with interest;

      b.  Payment of interest on all back pay recoverable;

      c.  Compensatory and punitive damages;

      d.  Reasonable attorneys' fees and costs;

      e.  Award pre-judgement interest if applicable; and

      f.  Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 9th day of March, 2023.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*