IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Jennifer Nash, | ) | |
| | ) | Case No.: 1:23-cv-01474 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Lindsey C. Jenkins |
| | ) | Magistrate Judge Susan E. Cox |
| Advocate Aurora Health, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**ADVOCATE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

NOW COMES Defendant, ADVOCATE AURORA HEALTH, INC. ("Advocate"), by and through its undersigned attorneys, and in further support of its Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), states as follows:

**INTRODUCTION**

On April 25, 2022, Plaintiff Jennifer Nash ("Plaintiff"), filed a five Count, 70 Paragraph Complaint against Advocate. (Dkt. No. 1, Complaint ("Compl."). The Complaint alleges the following claims: (1) **Count I** Disability Discrimination under 42 U.S.C. § 12101; (2) **Count II** Disability-based harassment under 42 U.S.C. § 12101; (3) **Count III** Retaliation in Violation of 42 U.S.C. § 12101; (4) **Count IV** Race-based Discrimination in violation of 42 U.S.C. § 1981; and (6) **Count V** Race-based harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e.  For all of Plaintiff's Counts she does nothing more than plead the bare elements of each claim, without sufficient facts to support them.  Even under the federal notice pleading standard, Plaintiff fails to state a claim upon which relief can be granted.

**BACKGROUND**

Plaintiff alleges she was hired by Advocate as a Certified Medical Assistant on October

1

21, 2022. (Compl. ¶ 14). Plaintiff alleges her "disability is as a result of a heart condition that affects major life activities." (*Id.* ¶ 15). Plaintiff alleges that her disability "substantially limits major life activities, such as performing manual tasks, moving and walking but Plaintiff was able to perform the essential functions of the job with or without accommodations." (*Id.* ¶ 17).

Plaintiff alleges that since the beginning of a new manager at her place of employment, she was subjected to different terms and conditions of employment than others not within her protected class and has subjected Plaintiff to a hostile work environment because of race and disability, but provides no further detail. (*Id.* ¶ 19). Plaintiff alleges she was "subjected to offensive, degrading and humiliating comments by co-workers that referenced Plaintiff's disability and race," but provides no examples. (*Id.* ¶ 20). Plaintiff alleges she was "subjected to harassment and discrimination because of her race and disability" but does not provide any detail or examples here either. (*Id.* ¶ 31).

Plaintiff alleges the reason for her termination was "pre-text and Plaintiff was unlawfully terminated because of disability, race and for engaging in protected activity." (*Id.* ¶ 22). In addition to being terminated, Plaintiff alleges she "suffered multiple employment actions" but does not state what they were. (*Id.* ¶ 27). Plaintiff alleges she was retaliated against for engaging in protected activity but does not state the specifics, only that she "lodged complaints directly to her managers." (*Id.* ¶¶ 32). Plaintiff alleges that Advocate's stated reason for her termination was pre-text for race, disability discrimination and retaliation. (*Id.* ¶ 34). As noted below, Plaintiff's allegations are not enough to state a claim on which relief may be granted.

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether the complaint states a claim on which relief may be granted. *Richards v. Mitcheff*, 696 F.3d 635, 637

2

(7th Cir. 2012). In considering a motion to dismiss, a Court should first begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This includes legal conclusions couched as factual allegations, as well as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Id.* at 679.

## ARGUMENT

Plaintiff's Complaint contains only legal conclusions and recitals of the elements of the cause of action, and fails to provide any factual allegations regarding her claims. Therefore her Complaint should be dismissed in its entirety.

### I. PLAINTIFF'S ADA CLAIMS ARE INSUFFICIENT TO SURVIVE A MOTION TO DISMISS

#### A. Plaintiff has not Sufficiently Pled a Claim of ADA Discrimination (Count I)

Plaintiff's allegations of disability discrimination are merely threadbare recitals of the elements of a claim of disability discrimination. (Compl. ¶¶ 17, 18, 29). A plaintiff charging violation of the Americans with Disabilities Act must allege that she is disabled within the meaning of the Act, is nevertheless qualified to perform the essential functions of the job either with or without reasonable accommodation, and has suffered an adverse employment action because of her disability. *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015).

While Plaintiff's Complaint does state she is disabled and that she can perform the essential functions of the job, those allegations are the "threadbare recitals" of the elements of a claim that *Iqbal* determined were insufficient at the pleading stage. *Iqbal*, 556 U.S. 662 at 678-79. For

3

example, Plaintiff says she has a disability (heart condition) that affects major life activities such as manual tasks, moving and walking, but that she was able to perform the essential functions of her job with or without accommodations. (Compl. ¶¶ 15, 17, 18). This mere parroting of the elements of a disability discrimination claim is insufficient to state a claim. "Because disability, unlike race, can often be a legitimate consideration in employment decisions, a complaint alleging discrimination under the ADA must plead with adequate specificity that the plaintiff is qualified to perform the essential functions of the job with or without reasonable accommodation." *Mack v. Chi. Transit Auth.*, No. 17 C 6908, 2020 WL 3414952, at *3 (N.D. Ill. June 22, 2020) ("[I]n the ADA context, simply pleading that one is a qualified individual with a disability is precisely the type of conclusory, formulaic assertion that was disapproved of by *Twombly*."). In a case with similarly pled allegations, *Griffin-Thomas v. La Rabida Children's Hosp.*, No. 21-CV-02033, 2022 WL 103705, at *4 (N.D. Ill. Jan. 11, 2022), the court stated:

> "Griffin-Thomas alleges that she was 'qualified': she could do the essential functions of her position, with accommodation. But she offers no facts regarding her ability to perform the essential functions of her position with (or without) accommodation. Indeed, she does not even identify her position, let alone its essential functions (nor does either party inform the Court in the briefing what Griffin-Thomas's job actually was). The Complaint thus fails to adequately allege that Griffin-Thomas was qualified to perform the essential functions of her job with or without a reasonable accommodation."

*Id.* The Complaint here is essentially the same as the one in *Griffin-Thomas* that was found to be deficient as a matter of law. Plaintiff has only pled conclusory, formulaic assertions regarding being disabled under the ADA, and Count I should be dismissed.

Even if Plaintiff has sufficiently alleged she has a disability under the ADA, she has not alleged any casual connection between her disability and any alleged adverse employment action. *See Wilson v. Regal Beloit Corp.*, 2020 WL 759416, at *5 (S.D. Ind. Feb. 14, 2020) (dismissing plaintiff's ADA claims where "she has not alleged any facts to support that [defendant] took

4

adverse job actions against her because of her disability or failed to make reasonable accommodations."). Plaintiff states only that "Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has subjected Plaintiff to a hostile work environment because of race and disability." (Compl. ¶ 19). Plaintiff says she "suffered multiple adverse employment actions" but other than her termination fails to allege what those were. (Compl. ¶ 25). Clearly, these rote recitations of elements of discrimination is insufficient as a matter of law to survive a motion to dismiss. *See Dietrich v. C.H. Robinson Worldwide, Inc.*, No. 18 C 4871, 2018 WL 6399199, at *2 (N.D. Ill. Dec. 6, 2018) (dismissing plaintiff's disability discrimination claims where, *inter alia*, she failed to plead or that she suffered an adverse employment action *because of* her disability) (emphasis in original).

Finally, Plaintiff makes no allegation that Advocate knew of Plaintiff's alleged disability. A plaintiff "must plead sufficient facts supporting an inference that the [defendant] discriminated against [her] 'on the basis of disability.'" *Roberts v. City of Chicago*, 817 F.3d 561, 565 (7th Cir. 2016) (quoting 42 U.S.C. § 12112(a)). Even assuming Plaintiff has plead she was disabled, Plaintiff must also demonstrate that she was terminated based on this disability, and therefore Advocate had to know about Plaintiff's disability when it terminated her. *See Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1061 (7th Cir. 2014); *Hedberg v. Ind. Bell Tel. Co.*, 47 F.3d 928, 932 (7th Cir. 1995). If Advocate did not know of Plaintiff's alleged disability when it terminated her, Plaintiff's termination must have been based on some other reason. *See Hedberg*, 47 F.3d at 932. The Complaint does not contain any allegations from which it can reasonably be inferred that Advocate knew that Plaintiff was disabled when it terminated her. *Johnson v. Gerresheimer Glass Inc.,*, No. 21-CV-4079, 2022 WL 117768, at *6 (N.D. Ill. Jan. 12, 2022) ("Because Johnson

5

has not plausibly alleged that Gerresheimer terminated her on the basis of her alleged disability, we grant Gerresheimer's motion to dismiss Count III.").

Based on all the above, Plaintiff's ADA discrimination claim should therefore be dismissed. *See Collins v. Chicago Transit Auth.*, No. 19-CV-5591, 2020 WL 5819871, at *3 (N.D. Ill. Sept. 30, 2020) (dismissing plaintiff's ADA claim stating, "[e]qually vague is whether her disability is related to her termination….Again, although Collins adds some factual context in her response brief, her attempt to amend her complaint in her response does not save the day.").

### B. Plaintiff has not Sufficiently Plead a Claim of ADA Harassment (Count II)

Plaintiff alleges she was subjected to "offensive, degrading and humiliating comments by co-workers that referenced Plaintiff's disability and race." (*Id.* ¶ 20). She then provides a bare legal conclusion, stating "[t]he environment of discrimination and humiliation pervaded the entire company." (Compl. ¶ 21). Plaintiff has provides no other detail—at all—regarding a hostile work environment. Such threadbare allegations are the gold-standard as to what is insufficient in a pleading pursuant to *Iqbal* and *Twombly*. To adequately plead an ADA hostile work environment claim, a plaintiff must allege that (1) she was subject to unwelcome harassment; (2) the harassment stemmed from her disability; (3) the harassment was so severe or pervasive as to alter the conditions of employment and create a hostile or abusive working environment; and (4) there is a basis for employer liability. *Inman v. Lemont Pub. Libr. Dist.*, No. 19 C 5282, 2020 WL 5209827, at *3 (N.D. Ill. Sept. 1, 2020) (citing *Gates v. Bd. of Educ. of the City of Chicago*, 916 F.3d 631, 636 (7th Cir. 2019)).

Here, Plaintiff does not sufficiently allege a claim of ADA harassment. She merely states that she was subjected to offensive comments "that referenced Plaintiff's disability and race." (Compl. ¶ 20). This is the very definition of a legal conclusion and does not rise to the level of a

proper pleading of a claim of hostile work environment. *See Alanis v. Metra,* No. 13 CV 5962, 2016 WL 464043, at *7 (N.D. Ill. Feb. 8, 2016) ("To state such a claim, the plaintiff must allege that her workplace was both subjectively and objectively hostile (that is, a reasonable person would find it hostile).") (citing *Silk v. City of Chicago*, 194 F.3d 788, 804–05 (7th Cir. 1999)). A hostile workplace is one permeated with insult, ridicule, or intimidation so severe or pervasive that it alters the conditions of the plaintiff's employment (*i.e.*, results in a tangible employment action, such as discharge, demotion, or an undesirable reassignment) or creates an abusive working environment. *See Silk*, 194 F.3d at 804-05. In determining whether this standard has been met, the court considers all of the circumstances, including: the frequency of the discriminatory conduct; its severity—that is, whether it was physically threatening or humiliating, or merely an offensive utterance; and whether it unreasonably interfered with the employee's work performance. *See id.* at 804 (quoting *Adusumilli v. City of Chicago*, 164 F.3d 353, 361 (7th Cir. 1998)).

While Plaintiff has put in her Complaint that she was subjected to "degrading" and "humiliating" comments from co-workers, she provides no details whatsoever—not even generalizations—as to what these comments were. (Compl. ¶ 20). This is insufficient to plead a claim of a hostile work environment under the ADA. *Alanis*, 2016 WL 464043 at *8 (dismissing plaintiff's ADA hostile work environment claim for failure to plead "severe and pervasive" events rising to the level of a hostile workplace). Plaintiff's Count II of ADA harassment should therefore be dismissed.

### C. Plaintiff has not Sufficiently Pled a Claim of ADA Retaliation (Count III)

For similar reasons as the rest of her ADA Counts, Plaintiff's Count III should be dismissed as she has not pled sufficient allegations to support a claim of ADA retaliation. To state a claim for retaliation under the ADA, Plaintiff must "allege that the [Defendant] subjected h[er] to an

7

adverse employment action because [s]he engaged in protected activity." *Sanders v. Illinois Dep't of Cent. Mgmt. Servs.*, 593 F. App' x 575, 577 (7th Cir. 2015). A plaintiff must allege enough to make out a plausible retaliation claim—in other words, the facts as alleged and taken as true must raise a plausible inference that Plaintiff was discharged because of her complaints whether or not a causal link is specifically alleged. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 828 (7th Cir. 2014). Plaintiff has failed to raise even a plausible inference that Advocate terminated her due to complaints of disability discrimination.

Plaintiff has not sufficiently pled that she participated in any protected activity, let alone that she complained of discrimination under the ADA. Plaintiff's only allegation regarding any complaints is a legal conclusion. (Compl. ¶ 26) ("Plaintiff can show that she engaged in statutorily protected activity – a necessary component of her retaliation claim – because Plaintiff lodged complaints directly to her managers."). Under the actual Count, Plaintiff again only says "she reasonably complained to Defendant about conduct that constituted unlawful disability-based harassment" and that therefore she "engaged in protected conduct." (Compl. ¶¶ 51, 52). That is the extent of Plaintiff's allegations supporting her claim she engaged in protected activity. And is not sufficient to survive a motion to dismiss.

The failure to allege any actual complaints dooms Plaintiff's retaliation claim; such a lack of any actual allegations goes beyond what courts have found insufficient in similar circumstances. *See Bartels v. Jewel Food Stores, Inc.*, No. 18-CV-04464, 2020 WL 902834, at *5 (N.D. Ill. Feb. 25, 2020) (granting dismissal of plaintiff's ADA retaliation claim where he pled actual complaints, but failed to allege any details of the complaints or whether he experienced "quantitatively more discrimination and harassment or qualitatively more severe discrimination after complaining"). To properly put Advocate on notice of Plaintiff's relation claim pursuant to Rule 8(a)(2), the

Complaint must specify the "conduct in the workplace" that Plaintiff reported. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 781 (7th Cir. 2007) ("[T]he EEOC cannot avoid a requirement to provide limited detail simply by failing to provide it and suggesting—not even asserting!—that it cannot do so."). Here, Plaintiff has not done so and that failure dooms her retaliation claim. *Id.* (stating that "additional details of [employee]'s actions are critically important to the case and might facilitate a quick resolution on the merits"). As the Seventh Circuit stated in *Concentra Health Sevs., Inc.*, "to require a more detailed complaint in the present case is neither to adopt fact pleading nor to impose the heightened pleading required in some instances by Rule 9(b*); it is only to insist upon easily provided, clearly important facts*." *Id.* (emphasis added) ("Even a description in very general terms ('Horn complained that Concentra denied employees promotions because of their race,' 'Horn complained that Concentra supervisors were subjecting female employees to a hostile work environment,' or some similar phrase) would give Concentra a much clearer idea of the EEOC's claim."). Plaintiff's ADA claims are similarly deficient to those of the EEOC's in *Concentra Health Servs., Inc.,* and therefore Counts I, II and III of the Complaint should be dismissed.

## II.  PLAINTIFF'S RACE CLAIMS ARE INSUFFICIENTLY PLED AND SHOULD BE DISMISSED

Plaintiff provides even less detail regarding her race claims as she does her deficient ADA claims. While she does allege she is African American (Compl. ¶ 14) that is essentially the extent of any allegations regarding race discrimination or harassment. She often lumps "race" into her bare bones allegations involving disability, and there are exactly zero specific allegations regarding how she was harassed based on her race. (Compl. ¶¶ 19, 20, 22, 30, 31, and 33). There is nothing in the Complaint that puts Advocate on notice of Plaintiff's claims of race discrimination and harassment, and therefore they must be dismissed.

9

### A. Plaintiff has not Sufficiently Pled a Claim of Section 1981 Race Discrimination (Count IV)

Plaintiff claims she was discriminated against based on her race under Section 1981, but provides no details, let alone the necessary "but-for" causation allegations. Section 1981 gives "[a]ll persons within the jurisdiction of the United States" the same right "to make and enforce contracts" without respect to race. 42 U.S.C. § 1981(a). To state a claim under Section 1981, a plaintiff must allege "(1) [s]he is a member of a racial minority; (2) the defendants had the intent to discriminate on the basis of race; and (3) the discrimination concerned the making or enforcing of a contract." *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 756 (7th Cir. 2006). Further, in the context of a Section 1981 claim, "a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020).

Plaintiff has no allegations that race was the "but-for" cause of her termination. Instead, she alleges disability discrimination and retaliation that supposedly led to her termination. Even setting those other claims aside, Plaintiff has no allegations that her race was the cause of her termination. Her legal conclusions are not sufficient to survive a motion to dismiss. *See Mir v. State Farm Mut. Auto. Ins. Co.*, 847 F. App'x 347, 350 (7th Cir. 2021) (finding plaintiff's allegations were too general to serve the function of providing "enough facts to state a claim to relief that is plausible on its face" to allow it to draw the reasonable inference that the defendant is liable for the misconduct alleged.) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Iqbal*, 556 U.S. at 678). In *Mir* the Seventh Circuit, in dismissing plaintiff's race-based claims, stated that "Mir alleged that State Farm knew about East-Indian/Pakistani race and, motivated by discrimination against him, denied him uninsured-motorist benefits." *Id.* They found that plaintiff offered no other information to "nudge[ ] [his] claims across the line from

10

conceivable to plausible." *Id.* (quoting *Twombly*, 550 U.S. at 570). Any allegation of race being the but-for cause of her termination is exactly what is lacking in Plaintiff's Complaint; there is nothing taking her race allegations from conceivable to plausible. *See id.* Instead, Plaintiff merely adds to her conclusory allegations in her Complaint regarding disability discrimination the term "race." That too is insufficient to survive a motion to dismiss. *Sanchez v. Tootsie Roll Indus., LLC*, 2021 WL 4936240, at *6 (N.D. Ill. May 18, 2021) (stating that even if the phrase "because of her race and national origin" was included in the complaint, "that type of conclusory addition would not advance the ball – it merely states a legal conclusion"). A reading of the Complaint demonstrates that is exactly what Plaintiff did here – she merely added conclusory language "because of her race" to already conclusory allegations. (Compl. ¶¶ 19, 22, 28, 31). Plaintiff needs to come forward with factual allegations that point to race as the but-for cause of an adverse action suffered at the hands of Advocate. *Id.* (citing *Kilgore v. FedEx Freight*, 458 F. Supp. 3d 973, 978 (N.D. Ill. 2020). Which she fails to do. Because race plays no part in the (minimal) factual allegations of the Complaint, Plaintiff cannot maintain a cause of action premised on race discrimination under section 1981.

### B. Plaintiff has not Sufficiently Pled a Claim of Title VII Race-based Harassment (Count V)

Plaintiff's Title VII race-based hostile work environment is, like all her other claims, insufficiently pled. To state a hostile work environment claim, Plaintiff must allege (1) she was subject to unwelcome harassment, (2) the harassment was based on his race, (3) the harassment was severe or pervasive so as to alter the conditions of employment and create a hostile or abusive working environment, and (4) there is a basis for employer liability. *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 833-34 (7th Cir. 2015). To rise to the level of a hostile work environment, conduct must be sufficiently severe or pervasive to alter the

11

conditions of employment such that it creates an *abusive* relationship." *Id.* at 834 (emphasis in original). Put another way, "although a workplace need not be 'hellish' to constitute a hostile work environment, a hostile work environment must be so pervaded by discrimination that the terms and conditions of employment are altered." *Alamo v. Bliss*, 864 F.3d 541, 550 (7th Cir. 2017). The Court will not find a hostile work environment for mere offensive conduct that is isolated, does not interfere with the plaintiff's work performance, and is not physically threatening or humiliating. *McPhaul v. Bd. of Comm'rs of Madison Cnty.,* 226 F.3d 558, 567 (7th Cir. 2000).

Plaintiff's conclusory allegations regarding any hostile work environment are insufficient to support such a claim because (1) there are no specific allegations, and (2) even if there were, nothing indicates any harassment was motivated by Plaintiff's race. (Compl. ¶¶ 19, 20, 31); *Curtis v. W. Illinois Univ.,* 2019 WL 13280240, at *6 (C.D. Ill. Mar. 21, 2019) (dismissing plaintiff's Title VII hostile work environment claims where his complaint lacked any allegations demonstrating the harassment was based on plaintiff's gender). On a race-based hostile working environment claim, Plaintiff needs to allege specific offensive comments were related to her race to stave off dismissal. *Ray v. Muncie Comm. Sch. Corp.*, 2018 WL 4680217 (S.D. Ind., Sep. 28, 2018) (granting defendant's partial motion to dismiss plaintiff's Title VII harassment claims where she failed to allege she was the target of unlawful harassment based on race). Here, Plaintiff yet again fails to do so. Such a lack of sufficiently pled details regarding racial harassment dooms her claims and they should be dismissed. *See Holmes v. Housing Authority of Joliet*, 2015 WL 1826676 *6 (N.D. Ill. Apr. 20, 2015) ("In scouring [plaintiff's complaint], the Court cannot find one reference to [plaintiff]'s race made by…any other member of the Housing Authority staff. The record is completely devoid of any indication that [plaintiff] was subject to a racially hostile work

environment. In the absence of harassment being racial in character, Holmes has failed to plead that she was subject to severe or pervasive racial harassment.).

Based on Plaintiff's insufficiently pled allegations related to race discrimination and harassment, Counts IV and V should be dismissed from the Complaint.

**WHEREFORE**, Defendant, Advocate Aurora Health, respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety, and for any other relief deemed just and appropriate.

Dated: May 12, 2023

Respectfully Submitted,

**ADVOCATE AURORA HEALTH, INC.**

By: /s/ Heather A. Bailey
Heather A. Bailey (ARDC#6274501)
John R. Hayes (ARDC#6286365)
Amundsen Davis, LLC
150 N. Michigan Ave., Suite 3300
Chicago, Illinois 60601
(312) 894-3266 – Telephone
(312) 997-1710 – Facsimile
hbailey@amundsendavislaw.com
jhayes@amundsendavislaw.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

/s/ Heather A. Bailey
**ATTORNEY FOR ADVOCATE AURORA HEALTH, INC.**

14